**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Boston Post Partners II LLP, | No. CV-16-02401-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Golden Sands Partnership, et al., | |
| Defendants. | |

Plaintiff/Counterdefendant Boston Partners II, LLC has filed a Motion for Court to Accept Its Summary Judgment Opposition Papers Filed One Day Late.  (Doc. 134.)  Defendants filed their summary judgment motions on February 13, 2017.  Pursuant to LRCiv 56.1, Plaintiff's responses were due 30 days later on March 15, 2017, but Plaintiff filed them one day later.  Plaintiff's counsel, James Livingstone, states in a sworn declaration that he anticipated filing Plaintiff's responses on March 15, 2017, but he encountered technical difficulties with the Court's electronic filing system, CM/ECF.  Specifically, Mr. Livingstone's password did not work and he tried three times to reset it prior to the filing deadline, but was unsuccessful.

The following day, Mr. Livingstone emailed Plaintiff's responses to counsel for Defendants and filed the materials with the Court.  He also emailed counsel for Defendants and asked if they would consent to a one day extension of time to accommodate his delayed filings.  Surprisingly, counsel for Defendants refused,

apparently because they did not believe the CM/ECF system was down for maintenance during the relevant time.  Neither attorney, however, responded that the delay prejudiced their clients.

For good cause, the Court may accept documents filed late due to excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  "Determining whether neglect is excusable requires a court to balance the danger or prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith."  *Uche-Uwakwe v. Shinseki*, 349 Fed. App'x 136, 137 (9th Cir. 2009) (internal quotation and citations omitted).  "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (internal quotation and citation omitted).

Here, the Court need not await a response from Defendants to conclude that good cause, the interests of justice, and the spirit of the Federal Rules of Civil Procedure weigh in favor of Plaintiff's requested extension.  Counsel for Defendants complained of no prejudice to their clients when responding to Mr. Livingstone's email, nor can the Court conceive of any meaningful prejudice under these circumstances.  Mr. Livingstone filed Plaintiff's responses a mere one day late, and the delay appears to have resulted from technical difficulties and not from bad faith.

Absent meaningful prejudice to their clients, counsel for Defendants should have agreed to Mr. Livingstone's request as a matter of professional courtesy.  This would have obviated the need for Plaintiff to file the present motion and its accompanying twenty pages of attachments, and would have saved the judicial resources spent in having to issue an order granting the motion.  Civil litigation is not a war to be won at all costs, and there is no need to "play hardball" in order to prevail on the merits.  Rule 1 of the Federal Rules of Civil Procedure makes clear that the rules should be employed by the parties not as a "gotcha game" to take advantage of innocent and harmless mistakes by the other side, but to "secure the just, speedy, and inexpensive determination of every

action[.]"  In short, the "purpose of the court system is to resolve civil disputes in a civil way."  *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 708 (D.N.J. 2015).

**IT IS ORDERED** that Plaintiff's Motion for Court to Accept Its Summary Judgment Opposition Papers Filed One Day Late (Doc. 134) is **GRANTED**.

Dated this 22nd day of March, 2017.


Douglas L. Rayes
United States District Judge